

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| DANIEL J. ALABACH, | ) | No. ED103175 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| LISA A. ALABACH, | ) | Honorable Douglas Beach |
| | ) | |
| Respondent. | ) | Filed: March 29, 2016 |

### I.    INTRODUCTION

Daniel Alabach ("Husband") appeals from the trial court's judgment awarding attorney fees to his former wife, Lisa Alabach ("Wife"), on his appeal from the decree of dissolution. We reverse the judgment.

### II.    FACTUAL AND PROCEDURAL BACKGROUND

The parties were married in June 2007. On January 14, 2014, the trial court conducted a trial on Husband's petition for dissolution. The parties entered into a stipulation on most issues and the court received evidence on the division of certain property. Eventually, on August 19, 2014, the trial court entered its Amended Judgment/Order and Decree of Dissolution dissolving the parties' marriage and abiding by the parties' stipulation.

1

On August 29, 2014, Husband filed a Notice of Appeal appealing the Judgment.[1] On September 16, 2014, Wife filed a Motion for Attorney's Fees and Costs on Appeal. The trial court reset Wife's motion until after the legal file on appeal was submitted to this Court. On May 15, 2015, Wife filed an Amended Motion for Attorney's Fees and Costs on Appeal. Wife stated in her motion she anticipated she would incur $20,000 in attorney's fees defending against Husband's appeal. Wife maintained Husband earned a significant income, had significant assets and was capable of paying her attorney fees and costs. Appellant did not file a written response to Wife's motion.

On June 1, 2015, Wife's motion for attorney's fees was called for hearing. The trial court heard argument of counsel, but took no testimony, received no evidence, and placed no argument on the record. In a one-paragraph judgment, the trial court noted Wife's motion had been "heard and argued," and ordered Husband to pay Wife's attorneys $12,000 as and for attorney's fees on appeal. The court also stated it entered the judgment "over objection of [Husband]." Husband appeals.

## III.    DISCUSSION

In Husband's sole point on appeal, he contends the trial court abused its discretion in awarding Wife $12,000 for attorney's fees on appeal. Husband argues the trial court erred in entering its judgment because it failed to take evidence or consider all relevant factors pursuant to § 452.355.1 RSMo (2000).[2] Specifically, Husband maintains the trial court failed to consider

---

[1] On December 15, 2015 the Missouri Court of Appeals, Eastern District, entered its Per Curiam Opinion in ED101983 affirming the Amended Judgment/Order and Decree of Dissolution except for the trial court's division of a certain SEP account and an e*Trade account, which it remanded.
[2] All statutory references are to the Revised Statutes of Missouri (RSMo) 2000 as supplemented, unless otherwise indicated.

the financial history of the parties since the dissolution judgment that was being appealed was granted and the judgment should be reversed. We agree.

Section 452.355 specifically authorizes a trial court to award attorney fees which arise out of a dissolution proceeding. Section 452.355.1 provides in pertinent part:

> Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

The party requesting an award of attorney's fees has the burden of proving entitlement to such award. *Andrews v. Andrews*, 290 S.W.3d 783, 787 (Mo. App. E.D. 2009) (citing *Davis v. Schmidt*, 210 S.W.3d 494, 512 (Mo. App. W.D. 2007)). "In determining the propriety of an award of appellate attorney's fees in a dissolution action under Section 452.355.1, the court must consider the financial history of the parties since the dissolution being appealed was granted." *Id.* (citing *Davis*, 210 S.W.3d at 516) (internal quotations omitted). Moreover, when awarding attorney's fees, "a court must know what debts each party owes," as well as what employment and non-employment income each party has, "before it can determine either need or ability to pay" such fees. *Id.* (citing *Davis*, 210 S.W.3d at 516).

The trial court is considered an expert on the necessity, reasonableness, and value of attorney's fees. *Potts v. Potts*, 303 S.W.3d 177, 196 (Mo. App. W.D. 2010). We presume the trial court's award is correct and we will reverse the award only upon a showing that the trial court has abused its discretion. *Id.*

Here, the record is totally inadequate to permit any evaluation on appeal of the propriety of the court's order allowing fees for the appeal. The trial court did not make a record of the

3

hearing on Wife's amended motion for attorney's fees. The court took no testimony and received no evidence at the hearing. The trial court's judgment was a single paragraph and did not include findings of fact upon which it based its determination. There is no evidence the parties agreed the court could rule based upon the pleadings. *Cf. Hatchette v. Hatchette*, 57 S.W.3d 884, 893 (Mo. App. W.D. 2001) (concluding lack of evidence of financial condition did not warrant reversal as husband could not assert error on appeal where he waived evidentiary hearing on fees by agreeing the court could decide the matter based on the pleadings). Nor is there any evidence counsel argued the relevant factors to the court.

Furthermore, it was Wife's burden as the movant to establish she was entitled to an award of fees on appeal. Although Wife filed a motion alleging Husband was capable of paying Wife's attorney fees, the record reflects no evidence of the parties' financial conditions at the time of the motion hearing ten months later. *See Potts v. Potts*, 303 S.W.3d at 197 (" [T]he court is to consider the financial resources of the parties since the dissolution, even if the time period between the dissolution hearing and the appellate fee hearing is relatively short."). *See also Davis*, 210 S.W.3d at 517 (noting evidence of financial condition eight months after dissolution should have been presented at hearing on movant's motion for appellate attorney's fees).

Moreover, Wife's allegation Husband could pay fees in her motion was "not self-proving, and [she had] the burden of proving the grounds asserted." *Davis*, 210 S.W.3d at 518. Thus, evidence was not supplied in the detail necessary for the trial court to rule, nor for this court to review the ruling. *See Heins v. Heins*, 783 S.W.2d 481, 485 (Mo. App. W.D. 1990) (reversing award to wife of attorney's fees on appeal as husband was not permitted to present evidence of his current financial circumstances at the fee hearing and court instead relied on evidence presented at trial).

4

Here, we find no evidence in the record of *any* relevant factor. This omission, especially the lack of evidence of Husband's financial history since the dissolution, is fatal. *In re Marriage of Sumners*, 677 S.W.2d 435, 436 (Mo. App. S.D. 1984). Accordingly, we find the trial court abused its discretion in awarding Wife substantial attorney's fees. The record necessitates reversal of the award of attorney's fees on appeal. Husband's point is sustained.

## IV. CONCLUSION

For the foregoing reasons, the trial court's award of attorney's fees to Wife on appeal is reversed.

_____
Angela T. Quigless, Judge

Philip M. Hess, P.J.,
Gary M. Gaertner, Jr., J., Concurs.

5