

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| SANDRA M. SERAFIN, | ) | No. ED103696 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the County of St. Louis, Missouri |
| vs. | ) | 13SL-DR04529 |
| | ) | |
| JEFFREY B. SERAFIN, | ) | Honorable Kristine Kerr |
| | ) | |
| Appellant. | ) | Filed:  July 26, 2016 |

**OPINION**

This is an appeal from a *pendente lite* judgment awarding attorney's fees in a dissolution of marriage proceeding in St. Louis County.  Jeffrey B. Serafin ("Husband") appeals the trial court's award of $50,000 in attorney's fees to his wife Sandra M. Serafin ("Wife").  For the reasons that follow, we affirm.

**Facts and Procedural History**

The parties were married in September 1993, and two children were born during the marriage.  In July 2013, Wife filed her petition for dissolution of marriage and a motion for a *pendente lite* order of temporary maintenance, child support, child custody, and attorney's fees.

In March 2014, the court awarded attorney's fees to both parties to be paid from the court-ordered liquidation of certain marital property.  In April 2014, the court entered a consent *pendente lite* order which governed the parties' legal relationship regarding

certain expenses, child support, and property distribuition until further order of the court or until the final disposition of the case.

In January 2015, five days before the case was set for trial, Wife filed a motion to delay the start of trial and a motion for sanctions against Husband in which Wife sought orders striking Husband's pleadings, excluding Husband from testifying at trial, and an award of attorney's fees as a result of newly-discovered assets that Husband had failed to disclose. The trial court continued the trial and ordered further discovery.

Over the next approximately six months, Wife filed numerous motions alleging that Husband had failed to comply with the court's discovery and *pendente lite* orders. In June 2015, the court entered its order on Wife's motion for sanctions in which it found that Husband had failed to disclose:

a. his interest in a trust worth more than $2 million;

b. his interest in an IRA worth approximately $220,000;

c. his interest in a company which was incorporated in November 2014; and

d. his interest in a $1.3 million house purchased by the aforementioned company where Husband was believed to be living.

In July 2015, Wife filed a motion seeking an award of $100,000 for attorney's fees that she claimed she incurred as a result of the litigation generated by Husband's failure to disclose the aforementioned assets. Husband filed a motion to dismiss Wife's motion for attorney's fees arguing that Wife's request was barred by the doctrine of res judicata because the prior April 2014 *pendente lite* order and the March 2014 attorney's fees award precluded any further attorney's fees award in this case. On August 5, 2015, the court granted Wife's motion and entered its order and judgment awarding Wife

$50,000 in attorney's fees. Husband filed a motion for new trial or, in the alternative, to amend the court's order and judgment. The court denied that motion. This appeal follows.

## Standard of Review

A *pendente lite* judgment for attorney's fees is authorized by § 452.355[1], *Leahy v. Leahy*, 858 S.W.2d 221, 228 (Mo.banc 1993), and is appealable, *Laubinger v. Laubinger*, 5 S.W.3d 166, 171 (Mo.App.W.D. 1999); *Zaegel v. Zaegel*, 697 S.W.2d 223, 224 (Mo.App.E.D. 1985). *Pendente lite* judgments are reviewed under the same standard as a court-tried case: we affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976). The evidence, and all reasonable inferences therefrom, is viewed in the light most favorable to the judgment. *Delsing v. Delsing*, 409 S.W.3d 574, 577 (Mo.App.E.D. 2013). Furthermore, in reviewing a court-tried case, our primary concern is the correctness of the trial court's result, not the route taken to reach it. *Smith v. Estate of Harrison*, 829 S.W.2d 70, 73 (Mo.App.E.D. 1992).

## Discussion

**I.    The trial court's award of $50,000 in attorney's fees to Wife is not barred by res judicata.**

In point I, Husband contends that the trial court erred as a matter of law in awarding Wife attorney's fees because the award was barred pursuant to the doctrine of res judicata in that Wife's right to attorney's fees during the pendency of the litigation

---

[1] All references to statutes are to RSMo 2000 unless otherwise indicated.

had already been conclusively adjudicated by the trial court's previous attorney's fees award in March 2014 and the *pendente lite* order in April 2014. We disagree because the doctrine of res judicata does not apply here.

*Pendente lite* orders and judgments are authorized and frequently employed in dissolution cases for the purpose of maintaining the status quo during a dissolution proceeding so that children have adequate support and the parties have sufficient funds to allow meaningful participation in the proceeding. *Laubinger*, 5 S.W.3d at 176. *Pendente lite* judgments are reviewed as independent proceedings standing upon their own merits and are in no way dependent upon the merits of the issues in the underlying dissolution suit. *Nilges v. Nilges*, 610 S.W.2d 58, 62 (Mo.App.E.D. 1980). A party may seek an award of attorney's fees incurred during the pendency of the litigation pursuant to § 452.355 and such attorney's fees may be awarded independently of a *pendente lite* order for temporary maintenance and support pursuant to § 452.315. *Dyche v Dyche*, 570 S.W.2d 293, 296 (Mo.banc 1978); *Holder v. Holder*, 826 S.W.2d 379, 381 (Mo.App.E.D. 1992). Section 452.355 provides that a court in a marriage dissolution proceeding may award attorney's fees "from time to time" after considering all relevant factors including the financial resources of both parties, the merits of the case, and the actions of the parties during the pendency of the action. A *pendente lite* award of attorney's fees has the same level of finality as a *pendente lite* award of maintenance or child support. *State ex rel. Carlson v. Aubuchon*, 669 S.W.2d 294, 297 (Mo.App.E.D. 1984).

The doctrine of res judicata precludes parties from contesting matters that the parties have already had a full and fair opportunity to litigate. *Lay v. Lay*, 912 S.W.2d 466, 471 (Mo.banc 1995). A claim is barred by res judicata if in a prior adjudication the

4

following elements are satisfied: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons or parties to the action; and (4) identity of the quality or status of the person for or against whom the claim is made. *Missouri Real Estate & Ins. Agency, Inc. v. St. Louis Cnty.*, 959 S.W.2d 847 (Mo.App.E.D. 1997). In order to have identity of the cause of action, the actions do not have to be identical but the claims must have arisen out of the same act, contract, or transaction. *Id.*

Here, res judicata does not apply. The attorney's fees award at issue here was caused by Husband's improper conduct in failing to disclose assets which conduct was not contemplated when the court issued its first attorney's fees award. Thus, with respect to the two attorney's fees awards here, the identity of the thing sued for and the identity of the cause of action are different and the award at issue here was based on matters that were not litigated in the prior award because Husband's concealment of assets had not yet been discovered.

Moreover, the trial court's March 2014 adjudication regarding attorney's fees was authorized by § 452.355.1 to allow the parties to pay their attorneys to litigate their dissolution of marriage case. Section 452.355.1 specifically grants the trial court the authority to award attorney's fees "from time to time." Therefore, the court has the authority to make more than one *pendente lite* attorney's fees award, and as we stated above, res judicata does not apply to the court's award here. Point denied.

**II.    The trial court did not violate Husband's due process rights.**

In point II, Husband contends that the trial court violated his due process rights by failing to have a hearing and allow evidence to be presented before awarding Wife attorney's fees. This point is denied because Husband waived this argument, and in any

5

event, Husband received all the constitutionally required due process to which he was entitled.

To properly raise a constitutional claim, a party must: (1) raise it at the first available opportunity; (2) designate specifically the constitutional provision claimed to have been violated; (3) state the facts showing the violation; and (4) preserve the constitutional question throughout for appellate review. *Laubinger,* 5 S.W.3d at 173. Because Husband did not raise his constitutional claim with the trial court until after the trial court awarded Wife attorney's fees, Husband waived his claim. *Id.* at 174.

Further, Husband was not denied due process. The fundamental requirement of due process is to provide notice and an opportunity to be heard. *Id.* at 175. The opportunity to be heard must come at a meaningful time and in a meaningful manner. *Id.* The opportunity to present argument, either in person or in writing, is sufficient to satisfy due process. *Id.* at 176.

There is no dispute that Husband received notice that Wife was seeking an award of the attorney's fees incurred as a result of the litigation surrounding Husband's undisclosed assets. She sought her fees soon after she discovered that Husband had failed to disclose certain assets to her and to the court. She requested attorney's fees in her motion for sanctions filed five days before the trial was scheduled to begin in January 2015, in several motions filed thereafter, and again on July 17, 2015, when Wife filed her motion for attorney's fees that is the subject of this appeal. The matter was set for hearing and Husband appeared at that hearing. This was adequate notice.

Likewise, Husband had an opportunity to be heard. In responding to Wife's motion for attorney's fees, Husband filed a motion to dismiss and was given the

6

opportunity to argue orally at the hearing on the motion. The trial court's order and judgment reflects that the court took judicial notice of its file and considered the oral and written arguments of counsel before ruling. We find that Husband was not denied due process because he received adequate notice and an opportunity to be heard on Wife's motion for attorney's fees. See *id.* Point denied.

## III.     The trial court did not abuse its discretion in awarding Wife $50,000 in attorney's fees.

In point III, Husband contends that the trial court abused its discretion in awarding Wife $50,000 in attorney's fees and specifically complains that the court made improper findings of fact on the issue of Wife's financial resources. We find that the trial court did not abuse its discretion in this case.

Parties to domestic relations cases generally are responsible for paying their own attorney's fees. *Goins v. Goins*, 406 S.W.3d 886, 891 (Mo.banc 2013). Section 452.355.1, however, authorizes the circuit court to award attorney's fees after considering the financial resources of both parties, the merits of the case, and the actions of the parties during the proceedings.

While an award of attorney's fees must be supported by competent and substantial evidence, the trial court is considered an expert on the necessity, reasonableness, and value of attorney's fees. *Alabach v. Alabach*, 485 S.W.3d 386, 388 (Mo.App.E.D. 2016); *Tepper v. Tepper*, 763 S.W.2d 726, 726 (Mo.App.E.D. 1989). As an expert on the necessity, reasonableness, and value of attorney's fees, the trial court may independently determine and award the fees it deems appropriate. *In re Marriage of Geske*, 421 S.W.3d 490, 498 (Mo.App.S.D. 2013).

The fact that one party's income exceeds the other's income does not compel an award of attorney's fees. *Adams v. Adams*, 51 S.W.3d 541, 549 (Mo.App.W.D. 2001). But one party's greater ability to pay can be a sufficient reason to support an award of attorney's fees. *Graves v. Graves*, 967 S.W.2d 632, 643 (Mo.App.W.D. 1998). Even if a spouse can afford to pay his or her attorney's fees, the trial court trial court may still award attorney's fees in favor of that party. *Id.*

When a trial court has before it evidence that fees and expenses were the result of a party's misconduct during litigation, such evidence provides a sufficient basis for an award of attorney's fees. *In re Marriage of Geske*, 421 S.W.3d at 499; *Bauer v. Bauer*, 38 S.W.3d 449, 457 (Mo.App.W.D. 2001). In particular, the trial court may consider what principal issues caused the attorney's fees. *Leone v. Leone*, 917 S.W.2d 608, 616 (Mo.App.W.D. 1996). A finding by the trial court of a discrepancy in reported income or assets may support an award of attorney's fees, see *Lokeman v. Flattery*, 146 S.W.3d 422, 432 (Mo.App.W.D. 2004), and so may a party's conduct in concealing assets, see *Hubbs v. Hubbs*, 870 S.W.2d 901, 909 (Mo.App.S.D. 2004). The trial court has broad discretion in awarding attorney's fees and its ruling is presumptively correct. *Adams,* 51 S.W.3d at 549.

An appellate court will reverse a trial court's award of attorney's fees pursuant to § 452.355.1 only if the trial court abuses its discretion. *Aubuchon v. Hale*, 453 S.W.3d 318, 325 (Mo.App.E.D. 2014). To demonstrate an abuse of discretion, the complaining party must prove that the award is clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

Here, the trial court did not abuse its discretion in awarding Wife $50,000 in attorney's fees.  First, Husband's argument that no hearing and no evidence was presented is belied by the record.  As we previously noted, the trial court's judgment indicates that the court in fact held a hearing and heard argument from the parties.  The court took judicial notice of its file, which contained information relevant to the court's decision including the extensive litigation that arose from Husband's failure to disclose substantial assets to Wife and to the court.  The court received Wife's attorney's fees bill, considered the financial resources of both parties and, importantly, considered the conduct of the parties during the litigation.  Husband's failure to disclose assets and the resulting litigation justified the trial court awarding Wife attorney's fees.  See *Long v. Long*, 135 S.W.3d 538, 545 (Mo.App.S.D. 2004) (finding no abuse of discretion in awarding attorney's fees where it could be inferred from the record that the trial court believed that actions attributable to husband caused wife's fees and expenses to be higher than would normally be the case).

Moreover, the court noted that while Wife was awarded assets in the consent *pendente lite* order, she did not work outside the home and had no income to fund her attorney's fees beyond borrowing or liquidating assets.  This, combined with the fact that the trial court found that Husband had failed to disclose millions of dollars in assets, further supports the trial court's award.

As to any alleged omitted findings of fact, Rule 73.01(c)[2] provides that all fact issues upon which no specific findings are made shall be considered as having been

---

[2] All references to rules are to the Missouri Supreme Court Rules (2016) unless otherwise indicated.

9

found in accordance with the result reached. While a party may request that the trial court include specific findings in its judgment pursuant to Rule 73.01(c), any request shall be made on the record before the introduction of evidence and there is nothing in the record to support that Husband made such a request. Thus, the trial court was not required to make any findings of fact, *In re Marriage of Geske*, 421 S.W.3d at 497, and as we noted above, the trial court made all necessary findings of fact in any event. Thus, the trial court did not abuse its discretion in awarding Wife $50,000 in attorney's fees.

Further, we are also obliged to affirm if we determine that the trial court reached the correct result. *Smith*, 829 S.W.2d at 73. While the trial court correctly relied on § 452.355 in its judgment, it could also have awarded attorney's fees as a sanction based on Husband's conduct. See *Mitalovich v. Toomey*, 217 S.W.3d 338, 340 (Mo.App.E.D. 2007) (concluding that wife's award of attorney's fees was made as a sanction and not pursuant to § 452.355). We affirm on this basis as well.

### Conclusion

For the reasons stated above, the trial court's judgment is affirmed.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.

10