FOR APPELLANT: Michele Hammond, 1360 South Fifth Street, Suite 269, St. Charles, Missouri 63301.
FOR RESPONDENT: Daniel R. Schramm, 231 S. Bemiston Ave., Suite 950, St. Louis, Missouri 63105, Jay G. Galmiche (co-counsel), 121 Chesterfield Business Parkway, Chesterfield, Missouri 63005.
Lisa Van Amburg, Judge *525 Scott E. Courtney (Father) appeals from the trial court's Order and Judgment entered July 21, 2016. Terresa K. Courtney (Mother) cross-appeals from the same judgment. Both Father and Mother challenge as internally inconsistent the parts of the judgment addressing child custody and property division. Additionally, Father challenges the trial court's denial of his motion to modify maintenance and its award of attorney fees to Mother. Mother argues that the trial court erred by not addressing in its judgment her evidence regarding extraordinary expenses from the extracurricular activities of the couple's two daughters (Daughters). We reverse and remand.
Background
The parties' divorce decree became final February 16, 2010. They have since engaged in near-continuous litigation, including a previous appeal to this court in 2015. The factual and procedural history of the litigation from the final divorce decree through the 2015 appeal was thoroughly recited in Courtney v. Courtney , 458 S.W.3d 462 (Mo. App. E.D. 2015), and we need not restate it here.
In that appeal, this court remanded to the trial court the issues of custody and maintenance modification. Thereafter, Mother filed an amended motion to modify child custody and support, claiming that the original custody order was unworkable due to her relocation to Michigan. She also filed a "motion to determine amounts due." Father filed his own amended motion to modify child custody, visitation, maintenance, and child support. In this motion, Father requested that maintenance be terminated, that his visitation be modified to include more frequent and meaningful contact, and that child support be modified to include travel expenses he incurs when exercising custody. Father also claimed that Mother had not complied with the original dissolution order to give Father his share of certain marital assets.
The hearing on the parties' motions took place in January 2016. Each party subsequently submitted proposed orders and proposed parenting plans. The guardian ad litem also submitted two proposed parenting plans. Additional facts relating to evidence presented at trial are recited below as relevant to the points on appeal.
The trial court issued its Order and Judgment July 21, 2016. The judgment contained significant inconsistencies, which we discuss below. Mother and Father each filed a motion for a new trial on August 12 and 17, respectively. The trial court did not rule on either motion within ninety days of each filing. Hence, Rule 81.05(a)(2)(A) applies, and we consider the post-trial motions denied. This appeal follows.
Standard of Review
In a court-tried case, we will uphold the trial court's judgment as long as it is supported by substantial evidence, is not against the weight of the evidence, and does not erroneously declare or apply the *526 law. Murphy v. Carron , 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial court's determinations of credibility and view all facts and any inferences drawn therefrom in the light most favorable to the judgment. Vinson v. Adams , 192 S.W.3d 492, 494 (Mo. App. E.D. 2006).
Discussion
Point I and Cross-Points III-VII: The trial court's judgment contains findings of fact that are inconsistent with its orders regarding property division.
Father, in his Point I, and Mother, in her Cross-Points III-VII, claim that the trial court's judgment is internally inconsistent with respect to the division of certain properties. Specifically, the parties identify the following:
1. JP Morgan restricted stock: In ¶ 32[1] , the trial court finds that "Father was ordered to divide his JP Morgan restricted stock," but the parties disagree as to whether Father actually did so. The court also found that Mother did not present evidence of what amount she was owed for her 50% share of the stock. In ¶ 36-39, the court lists and values certain properties it is allocating to each party. The court does not include the JP Morgan restricted stock in those lists.
• However, in ¶ 139, the court orders Father to pay Mother $16,298.36 for her "50% value of JPMorgan-LTIP shares of restricted stock."
2. Chase pension plan: In ¶ 29(b), the trial court finds that the original dissolution decree provided that the full value of Father's Chase pension plan was $5,850, to be divided equally (i.e. , $2,925 each). The trial court also finds that the parties stipulated to this value.
• However, the record reflects no such stipulation.
• Furthermore, in ¶ 143, the trial court orders Father to pay Mother a different value, $7,591.51, for her 50% share of his Chase pension plan.
3. Citigroup 401(k): In ¶ 38, the trial court finds that the value of Father's Citigroup 401k was $0 at the time of the original dissolution and states that it cannot now assign a value to that property.
• However, in ¶ 142, the court orders Father to pay Mother $18,151.81 for 50% of the Citigroup 401(k).
4. Merrill Lynch Nexstar rollover [2] : In ¶ 29(d), the trial court finds that the original decree provided that the full value of Mother's Merrill Lynch Nexstar rollover account was $26,527. The trial court also finds that the parties stipulated to this value. Accordingly, the court finds in ¶ 36 that Father is entitled to $13,263.50 from this account.
• However, the record reflects no such stipulation.
• Furthermore, in ¶ 149, the trial court finds that Mother owes Father a different amount, $6,700, for *527 the Merrill Lynch Nexstar rollover account.
5. Merrill Lynch Source One rollover [3] : In ¶ 37, the trial court finds that Father is entitled to $8,824 for his 50% share of the Merrill Lynch Source One rollover account. The court notes that Mother requested that this account be considered her separate property but writes "this court is not vested with the authority to reclassify property and/or modify the property orders in the [original dissolution] judgment."
• However, in ¶ 148, the court orders that Mother owes Father nothing ($0) for the Merrill Lynch Source One rollover.
In sum, both parties claim that the internal inconsistencies in the judgment preclude this court from exercising appellate review. We agree. We cannot speculate on the trial court's reasoning by sifting through inconsistent findings. McGahan v. McGahan , 237 S.W.3d 265, 272 (Mo. App. E.D. 2007). "A judgment based on inconsistent and ambiguous findings does not allow for adequate appellate review and must be reversed and remanded." Id.
Due to the inconsistencies on Point I and Cross-Points III-VII, we reverse and remand to the trial court.
On remand, the trial court should clarify its actual findings and conclusions with respect to the division of property. To determine the resolution of the property issues, the trial court may receive additional evidence on certain factual issues, such as the divisible value of each asset. See id. at 272.
Point IV and Cross-Point I: The trial court's judgment contains findings of fact that are inconsistent with its orders regarding child custody and support.
Father, in his Point IV, and Mother, in her Cross-Point I, claim that the trial court's judgment is inconsistent with respect to custody of Daughters. Most of these inconsistencies stem from confusing forms attached to the judgment, namely: Exhibit 2, a Form 14 that the trial court refers to in ¶ 68 as "its own accurate Form 14," and Exhibit 3, a Parenting Plan identical to Father's proposed Parenting Plan. Exhibit 3 is the only Parenting Plan attached to the judgment, in spite of ¶ 132, wherein the trial court names the attached Parenting Plan as Exhibit 1. Adding to the confusion, Exhibit 3 includes another Form 14 that differs from Exhibit 2 and has a different Parenting Plan Part B attached-this one labeled as Exhibit 20.
Specifically, the parties identify the following inconsistencies among the findings of fact in the judgment, order, and exhibits relating to child custody and support:
1. In ¶ 65, the trial court finds that the parenting plan proposed by guardian ad litem that includes overnight visits with Father is in the best interest of the children. That plan indicates that Mother maintains sole physical custody of the children. In ¶ 132 the trial court orders that parties have joint legal custody, and Mother is granted sole physical custody of Daughters.
• However, in the parenting plan attached to the judgment (Exhibit 3), the checkbox for physical custody is marked "other," and elsewhere the plan states that the parties shall "continue to share joint *528 physical custody." Not only is this inconsistent with the body of the judgment, but also nothing in this record indicates that the parties ever shared joint physical custody of Daughters.
2. In ¶ 69, the trial court finds that monthly child support is $1,505 for two children and $1,096 for one child, retroactive to September 2014. Similarly, Exhibit 2 lists child support as $1,505 for two children and $1,096 for one child.
• However, Exhibit 3 lists child support as $1,328 for two children and $837 for one child.
3. In both ¶ 73 and Exhibit 2, Mother's medical insurance expense for Daughters is listed as $158 per month.
• However, the attached Exhibit 3 Form 14 and § 2 of Exhibit 20 list Mother's medical insurance expense for Daughters as $100 per month.
4. In ¶ 75, the trial court finds that Father will receive a Line 11 credit for overnight visitation, and Exhibit 3 Form 14 includes a 6% overnight adjustment of $163 for Line 11.
• However, Line 11 on Exhibit 2 attached to the judgment indicates a 0%, $0 adjustment for overnight visitation.
5. Line 6d on Exhibit 2, which accounts for uninsured or extraordinary medical costs, includes $47 per month to Mother.
• However, Line 6d on Exhibit 3 Form 14, which accounts for the same uninsured or extraordinary medical costs, shows $0 to Mother.
Like the inconsistencies enumerated in Point I and Cross-Points III-VII, the internal inconsistencies relating to child custody and support in the judgment preclude this court from exercising appellate review. "A judgment based on inconsistent and ambiguous findings does not allow for adequate appellate review and must be reversed and remanded." McGahan , 237 S.W.3d at 272. We cannot speculate on the trial court's reasoning by sifting through inconsistent findings. Id. As we previously held in Courtney , 458 S.W.3d at 472, this court will not engage in "rank speculation" as to the trial court's intended parenting plan.
Due to the inconsistencies on Point IV and Cross-Point I, we reverse and remand to the trial court.
On remand, the trial court must ensure that the findings and conclusions related to child custody and support match with the forms actually attached to the judgment. In particular, the trial court should take care to examine and compare the attached forms to the findings in the judgment with respect to: the physical custody arrangement, child support amounts, children's medical insurance expense, and expenses included on Lines 6d and 11 on Form 14. The court must ensure that any exhibits mentioned in the judgment are attached, and that any forms or exhibits on which the judgment does not rely are not mistakenly attached to the judgment.
Point II: The award of maintenance is based in part on the requesting spouse's property, and several questions of property require clarification.
For his Point II, Father claims that the trial court abused its discretion in not terminating Mother's maintenance and that the award of maintenance was against the weight of the evidence. Specifically, Father asserts that: (1) the trial court erred in including attorney fees in Mother's reasonable expenses, (2) some of Mother's expenses were not supported by evidence, and (3) Mother is self-sufficient. Mother *529 counters that: (1) Father's argument is "analytically useless," (2) the trial court's maintenance award was not an abuse of discretion, and (3) Father did not preserve the issue of attorney fees.
Given our disposition of the previous points, it suffices to say here that there are several issues related to the division of property that must be addressed on remand. Due to the close relationship between property and maintenance,[4] we do not decide the merits of Father's claim in Point II but instead remand these intertwined issues to the trial court with the following guidance.
Attorney Fees as Expenses
An award of attorney fees is separate from and should not be considered as maintenance. Holder v. Holder , 826 S.W.2d 379, 381 (Mo. App. E.D. 1992). Payments for "claimed legal fees generated in connection with [the] instant proceeding" may not be considered in spouse's reasonable expenses in a maintenance calculation. Greenberg v. Greenberg , 454 S.W.3d 390, 395 (Mo. App. E.D. 2015).
Here, Mother testified to paying $1,600 per month to Mr. Galmiche for attorney fees, and the court included this amount in Mother's reasonable monthly expenses. However, it is not clear from the record what portion, if any, of that $1,600 in fees was incurred in the instant proceeding. On remand, the trial court should receive evidence regarding which portion, if any, of Mother's monthly attorney fee payments are attributable to the instant proceeding, and hence not to be included in the maintenance calculation.
Mother's Payroll Deductions and Garnishments
Father complains that Mother's exhibit of her net income at time of modification trial was admitted into evidence improperly and included payroll deductions for a retirement/401(k) plan, health care account, long- and short-term disability, supplemental life insurance, and flex days. Father's complaint is unfounded. Review of ¶ 110 of the judgment shows that the trial court did not consider these deductions when calculating Mother's net income. The trial court acted properly in excluding these deductions from the maintenance calculations and should continue to do so on remand.
Father also claims that the trial court considered $910 per month in debt garnishments in Mother's reasonable expenses although they are not being paid. Again, this claim is unfounded, as the trial court, in ¶ 111-12, lowered Mother's monthly expense for "total installment payments" from her original figure of $2,231 to $1,321 to reflect the absence of the garnishments. Although Father, in his reply brief, seems to acknowledge the court's finding in ¶ 112 that Mother was not paying $910 per month, he does not abandon his claim that the $910 was included in Mother's expenses against the weight of the evidence. Regardless, the trial court properly excluded that sum from Mother's monthly expenses.
Other Expenses as Not Supported by Evidence
Father further asserts that the findings of Mother's health care, vacation, gift, and personal care expenses were not *530 supported by competent evidence. In reviewing a challenge to a trial court's judgment as against the weight of the evidence, we defer to the trial court's findings of fact and credibility determinations. Hughes v. Hughes , 505 S.W.3d 458, 467 (Mo. App. E.D. 2016). A judgment is against the weight of the evidence only if the trial court could not have reasonably found, from the evidence at trial, the existence of a fact that is necessary to sustain the judgment. Id.
First, Father mischaracterizes Mother's testimony before the trial court. Father claims that "Mother admitted she didn't know where $250 of her medical expenses per month came from," citing page 226 of the trial transcript. However, in that same portion of Mother's testimony, Mother stated that she had a recent hospital stay resulting in a bill of "a couple thousand dollars" after insurance payments, that she had prescription drug costs of about $100 per month, and that she also incurs co-pays and out of pocket expenses. Mother testified that she had done the math on a spreadsheet, although she did not produce the spreadsheet. These statements do not amount to an admission that Mother fabricated her medical expenses out of thin air, as Father alleges. Rule 84.04(c) requires that an appellant's statement of facts be fair and concise. It is incumbent upon the appellant to provide this court with a statement of the evidence in the light most favorable to the verdict. In re Marriage of Weinshenker , 177 S.W.3d 859, 862 (Mo. App. E.D. 2005). Here, Father omits facts relevant to the judgment by obscuring Mother's testimony, thereby hindering this court's efficient review of the case. "Failure to comply with Rule 84.04(c) and provide a fair and concise statement of the facts is a basis for dismissal of the appeal." Id. at 863. However, under the circumstances here, we decline to dismiss, preferring to remand to the trial court for resolution.
Father also contends that Mother's personal care, gift, and vacation expenses are not supported by competent evidence because she doesn't actually incur them every month or they are "anticipated." While we do not entertain any of Father's complaints here, we remind the parties that the trial court "has broad discretion in awarding maintenance," and "may properly consider expenses that a spouse plans to incur and that will meet reasonable needs when the anticipated expenses are typical of those reasonably incurred during the marriage, even though the spouse may not be incurring those expenses at the time of trial." In re Marriage of Neu , 167 S.W.3d 791, 795, 798 (Mo. App. E.D. 2005).
Mother's Self-Sufficiency
Finally, Father argues in his Point II that the court's award of maintenance to Mother is improper because Mother is self-sufficient. Father argues that Mother's annual income of $95,000 per year is so sizeable that she should be ineligible for maintenance. This argument runs contrary to the purpose of maintenance, which is to "bridge[ ] the gap between the reasonable needs of a spouse and that spouse's income." Arndt v. Arndt , 519 S.W.3d 890, 900 (Mo. App. E.D. 2017). If the spouse seeking support has reasonable expenses that exceed his or her income, a maintenance award may be proper to fill that gap, regardless of the amount of either the reasonable expenses or income. Id.
On remand, upon resolution of the foregoing issues regarding property division and Mother's reasonable expenses, the trial court must determine whether Mother lacks sufficient property, including her employment income, to meet her reasonable *531 needs. If a gap exists between the amount of Mother's reasonable expenses and her income, a maintenance award may be appropriate, even considering the amount of Mother's employment income.
Due to the inconsistencies in the judgment, we reverse and remand the award of maintenance to the trial court for reconsideration consistent with this opinion.
Point III: Father's debts
In Point III, Father complains the trial court erred in calculating the maintenance award to Mother in that § 452.370 requires the court to consider the financial circumstances of both parties, and Father cannot afford the maintenance awarded.
The crux of Father's argument is that the trial court failed to consider the substantial money judgments in this dissolution that Father was ordered to pay. These debts, according to Father, include: $25,000 to Mother's attorney for this action, $7,500 to Mother's attorney for the modification action which resulted in the 2015 appeal, $187,591 in maintenance arrears, $3,680 in child support arrears, approximately $70,000 for credit card debt that Father was ordered to pay in the original dissolution decree but has not paid, $23,660 plus interest to Mother's attorney for the original dissolution action, and up to $45,000 to Mother for the asset divisions at issue in this action.
Father contends that these sums should be considered as part of his financial circumstances for the purpose of calculating maintenance, which would, of course, increase his reasonable expenses, and thus lower the amount of his surplus available for maintenance to Mother. Father offers no legal authority for the contention that the trial court must consider as legitimate expenses Father's unpaid judgments in this cause.
We therefore see no error in the trial court's calculation of Father's reasonable expenses and deny Father's Point III.
Point V: Award of attorney fees to Mother
For his Point V, Father claims the trial court abused its discretion in ordering Father to pay $25,000 of Mother's approximately $40,000 in attorney fees. Father claims that, after maintenance and child support payments, Mother's annual income is greater than his, and therefore the court's award of attorney fees was an abuse of discretion. Father also argues that he did not engage in any behavior that was inappropriate or increased attorney fees since the date of the remand. We do not reach the question of whether the trial court abused its discretion, because we are remanding to the trial court for further proceedings.
We do note, however, that the trial court's ruling with respect to attorney fees is presumptively correct ( Adams v. Adams , 51 S.W.3d 541, 549 (Mo. App. W.D. 2001) ) and an appellate court will reverse only upon a showing that the trial court abused its broad discretion. Aubuchon v. Hale , 453 S.W.3d 318, 325 (Mo. App. E.D. 2014).
The trial court is an expert on the necessity, reasonableness, and value of attorney's fees, and may independently determine and award the fees it deems appropriate. Id. Nevertheless, an award of attorney fees must be supported by competent and substantial evidence. Id.
While parties to domestic relations cases generally are responsible for paying their own attorney's fees, § 452.355.1 authorizes the trial court to award attorney fees after considering the financial resources of both parties, the merits of the case, and the actions of the parties during the proceedings.
*532 Serafin v. Serafin , 493 S.W.3d 897, 902 (Mo. App. E.D. 2016). While the fact that one party's income exceeds the other's does not compel an award of attorney fees, one party's greater ability to pay can be a sufficient reason to support an award of attorney fees. Id. A spouse's ability to pay his or her attorney fees does not necessarily preclude an award of attorney fees. Id. Evidence that fees and expenses were the result of a party's misconduct during litigation provides a sufficient basis for an award of attorney fees to the non-offending party. Id. at 902-3. In particular, the trial court may consider what principal issues caused the attorney's fees. Id. at 903.
On remand, the trial court should revisit the attorney fee award and enter findings of fact that support its award of attorney fees in light of its judgment on the issues of property division, maintenance, and child support.
Cross-Point II: The trial court's judgment is inconsistent with respect to extraordinary child-rearing expenses.
Although Mother and Father both testified that Daughters incur extraordinary expenses for extracurricular activities, and each parent testified to paying some amount of money toward these expenses, the trial court never addressed extraordinary child-rearing expenses in its judgment. Exhibit 2 seemingly reflects this omission in that the Line 6e entries are zero for each parent. However, Exhibit 3 includes extraordinary child-rearing costs for Father's travel expenses in the amount of $1,304 per month on Exhibit 3 Form 14 Line 6e, and references this amount in elsewhere in Exhibit 3. Because these two exhibits are inconsistent, we must reverse and remand.
On remand, the trial court must include a parenting plan which specifies how extraordinary child-rearing costs are to be paid by parents. See Clark v. Clark , 101 S.W.3d 323, 329 (Mo. App. E.D. 2003). The trial court shall ensure that the provisions of the parenting plan are consistent with the judgment. To determine the appropriate extraordinary child-rearing costs, the trial court may receive additional evidence on certain factual issues, such as Father's travel costs or the costs of Daughters' extracurricular activities.
Conclusion
The trial court's judgment is reversed and remanded for further proceedings consistent with this opinion. Specifically, the court is directed to resolve the inconsistencies discussed above and ensure that its revised judgment is consistent and supported by the record. The parties are reminded that the trial court possesses broad discretion in financial awards and, as long as the court's findings are consistent and supported in the record, this court will defer to the trial court.
Collen Dolan, P.J., and Mary K. Hoff, J., concur.

All paragraph references are to the July 21, 2016 Order and Judgment.

Two Merrill Lynch accounts attributed to Mother are mentioned in the judgment. Both accounts are rollovers from Mother's previous retirement accounts with two different employers. We refer to these accounts as "Merrill Lynch Nexstar rollover" and "Merrill Lynch Source One rollover."

This appears to be the account sometimes referred to in the judgment as #1S54 or #1854.

The division of marital property is inexorably connected with the issue of entitlement to maintenance by reason of § 452.335.1(1) which requires a finding that the spouse seeking maintenance lacks sufficient property, including marital property apportioned to that party, to meet his or her reasonable needs before an award of maintenance may be ordered. Willbanks v. Willbanks , 251 S.W.3d 359, 361 (Mo. App. S.D. 2008).