In re the MARRIAGE OF Abby M. GESKE and Timothy M. Geske

Abby M. Geske, Petitioner–Respondent,

v.

Timothy M. Geske, Respondent–Appellant.

Nos. SD 32275, SD 32276.

Missouri Court of Appeals, Southern District, Division One.

Aug. 28, 2013.

Mary L.D. Griffith, Mary Griffith Law Office, LLC, Sikeston, MO, for Appellant.

Shawn D. Young, Portageville, MO, for Respondent.

GARY W. LYNCH, P.J.

Timothy M. Geske ("Husband") appeals the trial court's dissolution judgment as to the award of attorney fees and litigation expenses in favor of Abby M. Geske ("Wife") and the division of marital property. Husband contends the trial court abused its discretion in that its findings of fact were deficient and insufficient or no evidence was presented to support each of those awards. Finding no such abuses of discretion, we affirm the trial court's judgment.

### Factual and Procedural Background

Husband and Wife were married July 15, 2000. Throughout the parties' marriage, Husband was self-employed as a farmer in his family's farming operation, Geske Farming Partnership. Wife worked at SEMO Health Network in New Madrid as an accounting assistant and, at the time of trial, she was working toward an associate degree in accounting and desired to continue with schooling to earn her Bachelor's degree.

In 2006, Husband started a land grading business and organized Geske Land Grading, LLC; he was the sole member. To initially fund this venture, both parties borrowed $115,000, which they applied toward the purchase of a Case STX tractor and dirt scoop. In November of 2006, Husband borrowed another $152,456 and paid off the initial loan. Wife was not a party to this loan. Husband was the only one authorized to transact business on behalf of the LLC. Up until the parties separated, Husband took out numerous loans to purchase additional equipment. Wife was not a signor on any subsequent loans.

In 2007, Husband was made a partner in his family's farming partnership, Geske Farming Partnership, in which he acquired a ten percent interest. At least since that time, Husband has received annual income distributions from the partnership. In addition to the annual distributions, Husband received $625 per week from the partnership.

In 2008, the couple purchased a 75–acre farm from Husband's parents for $277,500, and Husband farmed rice thereon. An old house was situated on the property, which they rented out while they lived in a home owned by Husband's aunt.

The parties separated August 28, 2009. When Wife left the marital home, she took only her clothes and a 2008 Jeep Wrangler on which she owed approximately $14,000 at the time of the trial.

Wife petitioned for dissolution of marriage on September 14, 2009, requesting, among other things, maintenance, attorney fees and costs, and "that all debts incurred since the date of separation be paid by the respective party." Husband answered Wife's petition, conceding the marriage was irretrievably broken, and opposed her request for maintenance and attorney fees.

The case was tried on January 23, 2012. Wife testified that she wanted Husband to keep the farm, and she asked to be awarded one-half of the equity. Each party had an appraiser testify regarding the value of the farm. Wife estimated that the fair market value of the couple's 75–acre farm was $383,000, according to an appraisal conducted March 9, 2011. She estimated the balance remaining on the mortgage to be $257,461 and testified their equity in the farm was $125,539. Husband contested Wife's evidence regarding the fair market value of the farm, which he valued at $313,600. Husband contended that the debt against the property was $254,681, which, applying his value of $313,000, left $59,219 as equity.

Wife further requested the court to assign the LLC's debt to Husband, as she was not a member and had not signed for loans to the LLC. However, Wife asked to be awarded half the value of the tractors and scoops of the LLC. Husband testified that Wife could have one-half of the equity in the grading equipment, which he valued between $120,000 and $140,000, however he wanted the debt on those assets apportioned to Wife also. Husband also requested that Wife be held responsible for half of a $283,000 debt owed to First State Bank, which included $219,000 on the loans incurred by the LLC up to the time of trial, $51,000 on another loan Husband took out after separation for operating ex-

penses for his farming business, and $11,860, which Husband applied toward a well and turbine on the couple's farm. Husband contended that these debts were marital debt, which should be divided between the parties equally. Husband testified he was making these requests "[s]ince we're using inflated farmland values, ... we can't get divorced for three years, ... we've allowed land to inflate for three years .... [i]nstead of using the values from '09."

Wife also requested one-half of Husband's interest in the family farming partnership, the net worth of which she valued at $1,112,258. Husband conceded the net worth was $1,100,000 and valued his interest at $50,000, which he agreed was marital property. He testified that Wife's interest was $25,000. However, he requested the court require that Wife "give up her interest in the farming partnership" and award Wife one-half of the equity in the parties' farm, which he valued at $313,000.

In addition, Wife further requested maintenance in the amount of $1,000 per month for five years and an award for attorney fees and expenses incurred over almost three years. Wife contended she had few assets and not enough income to pay her own expenses, while Husband had assets and the ability to earn a substantial income.

Husband testified that he did not want to pay Wife maintenance even though he conceded that the financial statements reflected that some years during the marriage he lost money and Wife was the breadwinner. Husband alleged he had no significant savings and had two checking accounts, which combined show a balance of $5,000 to $6,000. Husband further testified he had no retirement and at first stated "it's all been drained trying to salvage the land grading operation[.]" However, he later testified he never had a retirement account. Husband further stated that a ski boat, which he valued at $4,000, needed motor work and he did not want it.

As to the parties' personal property, including household furnishings, furniture, tools, three or four guns, and the ski boat, Wife testified she wanted those items awarded to Husband. Wife estimated that the "net equity" of all of the assets of the marriage was $484,106.80, of which she requested to receive fifty percent, which she calculated to be $282,082.40.

On June 29, 2012, the trial court issued its judgment and decree of dissolution of marriage, finding that Wife was entitled to receive $750 per month as non-modifiable maintenance from Husband for thirty-six months, ordering Husband pay to Wife $26,000 for attorney fees and litigation expenses, and dividing the parties' marital property and debts. Wife was awarded $40,000 as her share of the equity in the couple's 75–acre farm and $55,000, as her share of the equity in the family partnership. Husband was awarded the parties' 75–acre farm, all interest in the LLC, all interest in the family farming partnership, all personal property and farming and grading equipment in his possession, and the boat. In addition, Husband was awarded the debt owed on each. Husband was ordered to pay any and all indebtedness incurred in his name alone since the date of the parties' separation, and both parties were ordered to pay any indebtedness secured by any asset apportioned to him or her.

■ Husband timely filed this appeal challenging the trial court's award for Wife's attorney fees and litigation expenses and its division of the marital prop-

erty.[1] Additional facts will be elicited as necessary to address each of his points.

### Discussion

### No Abuse of Discretion in Attorney Fee and Litigation Expense Award to Wife

˙ Husband's first point relied on states, "The trial court's award of $26,000 in attorney fees and litigation costs to [Wife] was in err [sic] and an abuse of discretion, as the court's findings of facts and conclusions of law make no mention of the attorney fees and court costs, and no evidence was presented to support such an award."

This Court's review is governed by Rule 84.13(d), which requires that the trial court's judgment must be affirmed unless it is not supported by substantial evidence, or is against the weight of the evidence, or it erroneously declares or applies the law. *In re Marriage of Cornella*, 335 S.W.3d 545, 548 (Mo.App.2011). "In assessing the sufficiency of the evidence, we examine the evidence and the reasonable inferences derived therefrom in the light most favorable to the judgment." *Id.* Determination of the credibility of the witnesses and weighing the evidence are functions of the trial court, which is free to believe all, part, or none of the testimony of a witness, and this Court defers to the trial court's determinations on those issues. *Id.*

▮▮▮ "Missouri courts typically follow the 'American rule' with regard to awards of attorney's fees and costs[,] which provides that each litigant should bear his or her own litigation expenses." *Cohen v. Cohen*, 73 S.W.3d 39, 55 (Mo.App.2002). However, when authorized by statute, a trial court may order one party to pay the other party's attorney fees and costs of maintaining or defending the action. *Id.* Section 452.355.1, RSMo 2000,[2] authorizes a trial court to award litigation expenses and attorney fees in a dissolution proceeding "after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action[.]" The trial court is afforded broad discretion in its award of attorney fees, and its award is presumed to be correct. *Bell v. Bell*, 360 S.W.3d 270, 284 (Mo.App.2011). This Court will reverse such an award only when a party demonstrates that the trial court abused its discretion. *Id.* To demonstrate such an abuse, the complaining party must show

---

1. In each of his two points, Husband asserts two different trial court errors: failure to make specific factual findings in the judgment and failure to support the judgment with substantial evidence. By combining multiple claims of error in one point, both of Husband's points are multifarious, do not comply with Rule 84.04(d), and preserve nothing for appellate review. *Atkins v. McPhetridge*, 213 S.W.3d 116, 120–21 (Mo.App.2006). In addition, neither point complies with Rule 84.04(d)(1)(C) in that they do not "explain in a summary fashion why, in the context of the case, [the stated legal reason supports] the claim of reversible error." Nevertheless, because these deficiencies do not impede disposition on the merits, this Court will not exercise its discretion to dismiss either point, but rather, will review them *ex gratia* as best as we can. *See Stuart v. Ford*, 292 S.W.3d 508, 516 (Mo.App.2009).

2. Section 452.355.1 provides:

 Unless otherwise indicated, the court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to section 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

that the award was against the logic of the circumstances and was so arbitrary and unreasonable as to shock one's sense of justice. *Id.*

In his point, Husband contends, in part, that "the court's findings of facts and conclusions of law make no mention of the attorney fees and court costs[.]" He further argues that the judgment contained no findings pertaining to Husband's financial resources to pay such attorney fees and costs. Contrary to Husband's latter contention, however, the trial court found that Husband's gross income in 2010 from the family farming partnership was $175,878 and his 2010 gross income from his LLC was $21,901, while Wife's income was $2,160 per month. The trial court further found that Husband will receive substantial income-producing property in its property division.

 As to any alleged omitted findings of fact in the judgment, Rule 73.01(c)[3] provides that "[a]ll fact issues upon which no specific findings are made shall be considered as having been found in accordance with the result reached." While a party may request that the trial court include specific findings in its judgment, pursuant to Rule 73.01(c), where he does not do so prior to the introduction of evidence, the trial court is under no obligation to specifically identify the facts it utilized in its determinations. *In re Marriage of Altergott*, 259 S.W.3d 608, 618 (Mo.App. 2008). Husband did not request that the trial court make any specific findings of fact pursuant to Rule 73.01(c), thus it was not required to make any. *See Altergott*, 259 S.W.3d at 618. Moreover, Husband did not raise a lack-of-findings claim of error in a post-trial motion to amend the judgment, pursuant to Rule 78.07(c). Because of the latter failure, Husband has not preserved this issue for appellate review in any event, and we decline to consider it. *See Wilson–Trice v. Trice*, 191 S.W.3d 70, 72 (Mo.App.2006).

Husband also contends that "no evidence was presented to support" the award for attorney fees and costs. He argues that Wife's "request for attorney fees and costs at the hearing was merely a statement that she had incurred a total of $26,474.60 in attorney fees and litigation expenses.... No further evidence was presented to determine the fairness and reasonableness of the fees." Husband alleges that the trial court "rubber stamped [Wife's] alleged attorney fee of over $26,000, without requiring any evidence of the time expended, the services provided, the litigation costs incurred, and/or the hourly rate of [Wife's] counsel." He asserts that the trial court was required to "have before it the attorney's rate of compensation, the time and expenses which were incurred should have been itemized; and make a finding that the attorney fees and litigation costs incurred were fair and reasonable." For this proposition, Husband has cited no relevant authority.[4]

---

**3.** References to rules are to Missouri Court Rules (2012).

**4.** Elsewhere in his brief, Husband cites *In re Marriage of Cornella*, 335 S.W.3d 545, 557–58 (Mo.App.2011) and *Wansing v. Wansing*, 277 S.W.3d 760, 770 (Mo.App.2009) for the proposition that

To prove the reasonableness of the attorney's fee, the requestor should show: 1) name of the attorney; 2) the attorney's firm and address; 3) the attorney's experience, particularly in the area of family law; 4) the date of the client's retention of attorney; 5) the attorney's rate of compensation; 6) the extent of services the attorney has performed for the client, including the time incurred for the client throughout the entire case; 7) the attorney is the custodian of all fee records in the case; and 8) that the fees are fair and reasonable.

Neither case addresses this issue or otherwise remotely supports this proposition. *Cornella*

The trial court is considered an expert on the issue of attorney fees, and its determination will not be reversed on appeal absent evidence that the award is arbitrary or unreasonable and lacked proper judicial consideration. *Welman v. Parker*, 391 S.W.3d 477, 485 (Mo.App. 2013). As an expert in the necessity, reasonableness, and value of attorney fees, the trial court can independently determine and award the fees it deems appropriate. *Travis v. Travis*, 174 S.W.3d 67, 72 (Mo.App.2005).

"Section 452.355 requires the court to look at *both* parties' financial resources in determining the reasonableness of an award of attorney's fees. Thus, the fact that a spouse has the means to pay his or her attorney's fees does not preclude an award for payment of the same." *Cohen*, 73 S.W.3d at 56. However, " '[o]ne spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse.' " *Id.* (quoting *McNair v. McNair*, 987 S.W.2d 4, 8 (Mo.App.1998)); *Cornella*, 335 S.W.3d at 557–58. Furthermore, section 452.355.1 directs that the trial court consider "all relevant factors"; it does not confine the trial court's consideration solely to the parties' financial resources. *See Long v. Long*, 135 S.W.3d 538, 545 (Mo.App.2004).

Substantial evidence to support Wife's attorney fee award was presented at trial. In addition to testimony related to Husband's income and financial resources, Wife testified that she received no maintenance or any disbursements from earnings from the couple's farm, Husband's LLC, or the family farming partnership during the couple's separation (a period of almost three years at the time the judgment was entered) and could not meet her monthly expenses on her current salary. She testified that she relied on contributions from her parents, in the amount of $700 per month, to meet her monthly expenses, which she estimated to be $2,860.

Husband argues that the trial court's division of marital property to Wife awarded some $95,000 for her share of the equity in marital assets plus maintenance, while Husband was apportioned the debt on those assets, received no liquid assets, and demonstrated that he lacked sufficient income to pay the cash awards. The trial court found that Wife's income and the marital property apportioned to her would not be sufficient to provide for her reasonable needs, while Husband was capable of earning a substantial income from the property he would receive. Such a disparity in income and future earnings capacity provides "a sufficient basis for the trial court's award of attorney's fees[.]" *See Cohen*, 73 S.W.3d at 56; *Cornella*, 335 S.W.3d at 558.

addressed whether the trial court had improperly based the wife's attorney fee award upon the husband's actions during the pendency of the dissolution and upon the parties' settlement negotiations. *Cornella*, 335 S.W.3d at 557. "[B]ased primarily upon [the husband's] greater ability to pay and the substantial disparity between the parties' incomes[,]" no abuse of discretion was found in the trial court's $40,015.66 attorney fee award to the wife. *Id.* at 558. In *Wansing*, "[the w]ife testified she incurred attorney fees in the amount of $20,440.07 and she introduced evidence of those expenses at trial." *Wansing*, 277 S.W.3d at 770. There is no further elaboration, however, as to the nature of the evidence the wife introduced. *Id.* In the face of the husband's contention that the wife was awarded sufficient assets with which to pay her attorney fees and the trial court's finding that she "is able to support herself through her employment and the marital property awarded to her[,]" no abuse in discretion was found in the trial court's $8,000 attorney fee award to the wife. *Id.*

Section 452.355.1 further "recognizes that the merit of a party's positions on issues raised at trial and his or her conduct during the pendency of the dissolution proceeding with respect to those positions are to be considered in making an award of attorney's fees." *Cohen*, 73 S.W.3d at 57. When a trial court has before it evidence that fees and expenses were a result of a party's misconduct during litigation, such evidence provides a sufficient basis for an award of attorney fees, "even where the parties' financial condition does not otherwise necessitate an award of fees." *Long*, 135 S.W.3d at 545. There was evidence before the trial court here that the litigation of this dissolution spanned almost three years. At trial, some forty-three exhibits were admitted on behalf of Wife, the majority of which were financial records pertaining to Husband's income, taxes, and debts. Docket entries reflect that Wife twice filed motions to compel Husband's response to discovery requests, and one hearing was held thereon. Upon Husband's failure to produce bank records and other financial information, Wife subpoenaed Husband's bank and certified public accountant, and Husband, in response, filed a motion to quash, which in turn required another hearing. In addition, Husband moved to continue the final hearing on the matter, which the trial court granted. The trial court had information that Husband's certified public accountant and banking officer were deposed in order to obtain tax and income information, "an exhausting amount" of documents were examined to track loans and payoffs for Husband's LLC, tax returns were analyzed, and the case was mediated the previous June. There was also an appraisal conducted on the couple's farm on Wife's behalf.

The trial court had before it substantial evidence of Wife's current financial situation and income, the parties' assets, as well as Husband's income from farming and his land grading business, disbursements from the partnership, Husband's ability to earn substantial income, in addition to the actions of the parties during the pendency of the underlying action. Contrary to Husband's claim that "no evidence was presented to support such an award[,]" substantial evidence supported the trial court's award.

Husband has failed to persuade us that the trial court abused its discretion in its award of attorney fees and costs to Wife and has failed to rebut the presumptions that the trial court considered all relevant factors and that its award of attorney fees was correct. Husband's first point is denied.

### No Abuse of Discretion in Division of Marital Property

Husband's second point relied on states, "The trial court's division of the marital property was an abuse of the court's discretion, as the court's findings of facts and conclusions of law make no mention of the values and/or debt of the marital property and insufficient evidence was presented to support such an award." In his argument under this point, Husband contends that the trial court made no findings regarding Husband's income and current economic circumstances, and he continues to complain throughout his argument about alleged deficiencies in the trial court's judgment; i.e., that the "Judgment fails to give any specifics about amounts of the marital debts owed"; that the trial court "fails to provide any value or itemization as to the property and debts that is [sic] being awarded to [Husband]"; and that the "judgment fails on its face to make a consideration of any of the relevant factors, including the awarding of marital debts, in its division of the property and debts." Here, as in his first point, Husband alleges

deficiencies in the trial court's findings in the judgment.

■ As discussed in response to his first point *supra*, however, Husband did not request specific findings prior to the presentation of evidence and failed to move to amend the judgment post-trial, thereby failing to preserve the issue for appeal. "In all cases, allegations of error relating to the form or language of the judgment, including the failure to make statutorily required findings, must be raised in a motion to amend the judgment in order to be preserved for appellate review." Rule 78.07(c). Husband has not preserved for review the lack of any allegedly required findings in the judgment, and to the extent that his point seeks such review, it is denied for that reason.

Husband also contends in his second point that the trial court abused its discretion because "insufficient evidence was presented to support" the division of marital property.

■ "In a dissolution proceeding, this Court must affirm the trial court's decree of dissolution unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law." *Holman v. Holman*, 228 S.W.3d 628, 631 (Mo.App.2007). The evidence and all permissible inferences from the evidence are reviewed in the light most favorable to the trial court's decision. *Elrod v. Elrod*, 192 S.W.3d 738, 740 (Mo.App.2006). "On appeal, we defer to the trial court's credibility determinations and the weight assigned to witness testimony." *In re Marriage of Dolence*, 231 S.W.3d 331, 333–34 (Mo.App.2007). "The trial court is free to believe all, none, or part of the testimo-

ny of any witness." *Id.* "[T]he party challenging the dissolution decree has the burden of demonstrating error." *Elrod*, 192 S.W.3d at 740.

■ Furthermore,

[w]hen reviewing a division of marital property, we give deference to the trial court, which is vested with considerable discretion in dividing marital property. Appellate courts will interfere only if the division of property is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. It is not per se an abuse of discretion if the trial court awards one party a considerably higher percentage of the marital property than it awarded the other party. A division of marital property need not be an equal division, but must only be fair and equitable given the circumstances of the case.

*Hight v. Hight*, 314 S.W.3d 874, 877 (Mo. App.2010) (quoting *Workman v. Workman*, 293 S.W.3d 89 (Mo.App.2009) (internal citations omitted)). "An abuse of discretion is present when the trial court's ruling is clearly against the logic of the circumstances, which are before the court, and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Hight*, 314 S.W.3d at 877 (citing *Nelson v. Nelson*, 25 S.W.3d 511, 516 (Mo.App.2000)).

■ In accordance with our standard of review, Husband is apparently claiming that the trial court abused its discretion in dividing the marital property because the division is not supported by *substantial* evidence.[5] In other words, Husband is challenging the evidentiary basis—the universe of facts—upon which the trial court exercised its discretion in dividing the

---

5. We do not review civil court-tried cases for sufficiency of the evidence, but rather, to determine whether the judgment is supported by substantial evidence. *See Holman*, 228 S.W.3d at 631. We construe Husband's point accordingly.

marital property in the manner as directed by section 452.330.1.[6] Any consideration of the factors in section 452.330.1 and the trial court's discretion in applying those factors, however, is premature and meaningless without first establishing the evidentiary basis upon which the trial court acted. It is in this respect that Husband's argument on this point is fatally flawed.

 Substantial evidence is evidence that, if true, has a probative force upon the issues and from which the trier-of-fact can reasonably decide the case. *Houston v. Crider*, 317 S.W.3d 178, 186 (Mo.App. 2010). Upon review, as previously mentioned, this Court views the evidence and all reasonable inferences derived therefrom in a light most favorable to the trial court's judgment, and we disregard all evidence and inferences contrary to the judgment. *Id.* Therefore, reliance by Husband upon evidence or inferences contrary to the judgment, which is irrelevant and immaterial to his claim that the judgment was not supported by substantial evidence, strips his argument of any analytical persuasiveness.[7] *See id.*

 To present a cogent not-supported-by-substantial-evidence argument, the appellant must complete three steps:

(1) identify a challenged factual proposition, the existence of which is necessary to sustain the judgment;

(2) identify all of the favorable evidence in the record supporting the existence of that proposition; and,

(3) demonstrate why that favorable evidence, when considered along with the reasonable inferences drawn from that evidence, does not have probative force upon the proposition such that the trier of fact could not reasonably decide the existence of the proposition.

*In re Marriage of McDaniel*, 419 S.W.3d 828 (Mo.App.2013) (citing *Houston v. Crider*, 317 S.W.3d 178, 187 (Mo.App.2010)). Husband only identifies two challenged factual propositions: the value of the family farming partnership and the value of the 75–acre farm.

Husband identifies "a farming loan application," without any citation to its location in the record on appeal, as supporting the trial court's valuation of the family farming partnership and then laments "the lack of any evidence as to the true value of such." He completely fails, however, to argue, much less demonstrate, why this application does not have probative force upon the value of the interest in the partnership, as required in step three. This failure renders Husband's argument on this point analytically useless and provides no support for Husband's evidentiary challenge. *See Houston*, 317 S.W.3d at 188.

As to the value of the 75–acre farm, Husband fails to identify the favorable evidence in the record that the value of the

6. Section 452.330.1 provides that in dissolution proceedings, the trial court shall divide marital property and debts "in such proportions as the court deems just after considering all relevant factors[,]" which in this case include "[t]he economic circumstances of each spouse ... [t]he contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker; ... [t]he value of the nonmarital property set apart to each spouse ... [and] [t]he conduct of the parties during the marriage[.]"

7. In his argument under this point, Husband relies upon "Appellant's evidence" as to his inability to make certain debt payments, his inability to do the land grading and farming operations at the same time, and his income from farming. He also relies upon the testimony of "Appellant's appraiser" in establishing a value for the 75–acre farm. Of course, the trial court was free to disbelieve the testimony of Husband and his appraiser. *Dolence*, 231 S.W.3d at 333–34.

farm was $383,000, according to an appraisal conducted March 9, 2011, but rather, relies upon his appraiser's testimony of a $313,900 value. This failure to cite the favorable evidence, as required under step two, undermines his ability to demonstrate how that favorable evidence did not have probative force upon the issue of the farm's value, as required by step three. *Id.* Husband's reliance upon evidence contrary to the judgment, which is irrelevant and immaterial to a not-supported-by-substantial-evidence challenge, denies his argument any analytical value or persuasiveness. *Id.*

Husband has the burden of demonstrating error. *Elrod,* 192 S.W.3d at 740. Husband's argument on this point, however, fails to persuade us that the trial court's division of marital property was not supported by substantial evidence.[8] Husband's second point is denied.

### *Decision*

The trial court's judgment is affirmed.

NANCY STEFFEN RAHMEYER and WILLIAM W. FRANCIS, JR., JJ., concur.

---

8. Husband's reliance on evidence contrary to the judgment and in violation of our standard of review, likewise, deprives his argument that the trial court abused its discretion in its division of marital property of any analytical value or persuasiveness. Because he failed to demonstrate his premise that the property division was not supported by substantial evidence, however, we need not address the abuse-of-discretion aspect of his claim any further.