

# Missouri Court of Appeals
## Southern District

### In Division

CHARLOTTE WRIGHT,               )
                                )
    Plaintiff-Appellant,        )
                                )
    v.                          )      No. SD37445
                                )
ARTURO MARRUFO ARMIJO,          )      **Filed:  May 12, 2023**
                                )
    Defendant-Respondent.       )


APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

The Honorable Margaret Palmietto, Judge

**AFFIRMED**

Charlotte Wright ("Wright") appeals the trial court's judgment in her favor, following a bench trial.  Wright raises two points on appeal claiming the trial court's judgment is inconsistent and against the weight of the evidence because it failed to award her damages for her personal injuries after finding in her favor on her negligence claim and instead awarded only property damages.  We reject both points and affirm the trial court's judgment.

### Factual and Procedural Background

Wright was involved in a car accident as she was traveling west on Highway 60 just outside of Rogersville, in the early morning of August 25, 2016.  After passing another driver, Wright moved back into the right lane of the highway at the same time that Arturo Marrufo

1

Armijo ("Armijo") turned onto the right lane of the highway from the Dale's Roofing parking lot. Wright slammed on her brakes but was unable to come to a complete stop before hitting Armijo's vehicle. Another car was in the left-hand lane next to Wright, and hitting Armijo's vehicle was the only other option available.

Wright filed an uninsured motorist claim with her insurance company after the accident. Her liability policy provided for $25,000 in uninsured motorist coverage, and she reached a settlement of her claim with her insurance company for $10,000. Of the $10,000, some of it was given to her attorney at the time and "a little bit" of it was given to her. Her medical bills were completely paid for, but she did not receive any money for the damages to her vehicle.

Wright filed a "subrogation lawsuit" against Armijo, claiming in one count that the accident was the result of Armijo's negligence. Wright sought damages for both personal injuries and property damage to her vehicle.[1] The case was tried without a jury. Only Wright and Armijo testified during the bench trial. Wright testified that the force from the collision bent her left thumb "completely backwards" off the steering wheel. She also testified that the injuries to her thumb impedes her ability to work because picking up something as light as a piece of paper causes a sharp, needle-like pain to radiate through her hand. She sought medical treatment for her injuries, x-rays and a deep tissue exam were done of her hand, and Wright was required to wear a splint for a "long time." She further testified the doctor said her thumb required

---

[1] Section 379.203.4 provides in part:

> In the event of payment to any person under the [uninsured motorist] coverage required by this section, and subject to the terms and conditions of such coverage, the insurer making such payment shall, to the extent thereof, be entitled to the proceeds of any settlement or judgment resulting from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury for which such payment is made . . . .

All references to statutes are to RSMo Cum.Supp. 2022, unless otherwise specified.

surgery to be fixed, but she could not afford the surgery, and explained she was still dealing with pain in her left thumb "every single day" at the time of trial. She also reported having "had to learn to use [her] right hand because [she] can't . . . grip things with [her] left hand" and needing to learn how to write with her non-dominant right hand. She said that she cannot pick things up, open jars, or use squirt bottles with her left hand. Wright did not offer any further evidence of her personal injuries into evidence, including medical testimony or medical or billing records.

Wright testified that the fair market value of her vehicle at the time of the accident was $3,000 and that the vehicle was totaled in the accident. She testified she gave the vehicle to a friend who took the whole front end off and was going to replace it with a different front end. The friend did not pay her anything for the vehicle.

While Wright did not believe the $10,000 adequately compensated her, she only requested that amount in damages in her subrogation lawsuit to cover the settlement amount previously received from her insurance company on her uninsured motorist claim for her personal injuries and $3,000 for damages to her vehicle, which was not previously covered by her insurance company's uninsured motorist policy.

Armijo testified that Wright moved from the passing lane of the highway to the right lane of the highway after he entered the highway from Dale's Roofing, and she hit his vehicle "on the wheel and . . . [his] bumper." Armijo did not see a vehicle coming in the right lane because Wright was in the passing lane, and he did not see any turn signal. He only contested his liability for the accident and offered no evidence controverting Wright's alleged personal injuries or property damage.

Neither party requested findings of fact or conclusions of law. The trial court took the case under advisement, and, on January 28, 2022, the trial court issued its judgment in Wright's favor as follows:

SD37445 Appeal Document Number 8 Page 1

IN THE CIRCUIT COURT OF GREENE COUNTY, MISSOURI
Associate Division 22

**FILED**
**1/28/2022**
**CIRCUIT CLERK**
**GREENE COUNTY**

CHARLOTTE WRIGHT )
Plaintiff, )
)
vs. ) Case No. 2131-AC04272
)
ARTURO MARRUFO ARMIJO )
Defendant. )

## JUDGMENT

On the 23RD day of November, 2021, Plaintiff appeared in person and by attorney Hill. Defendant appeared in person. Trial was held.

The Court, having considered all the evidence presented and being fully advised in the premises, finds the issues alleged in Plaintiff's Petition in favor of Plaintiff and against Defendants.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT AS TO COUNT I OF PLAINTIFF'S AMENDED PETITION that Plaintiff have judgment against Defendant for:

Property                          $     3,000.00

TOTAL JUDGMENT AS TO COUNT I:     $     3,000.00

As to Defendant's counter claim, the court finds in favor of Plaintiff and against Defendant.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT AS TO PLAINTIFF'S PETITION that Plaintiffs have judgment against Defendant for $3,000.00.

Date: 1/26/22                          Margaret Palmietto, Judge

4

Although the judgment awarded Wright $3,000 for "Property" damages and recited, "The Court . . . finds the issues alleged in Plaintiff's Petition in favor of Plaintiff and against Defendants[,]" the judgment awarded no damages for personal injuries.[2]

Wright filed her motion to amend or modify the trial court's judgment on February 1, 2022, which the court denied after a hearing. Wright timely appealed. On appeal, Wright claims the judgment is inconsistent and is against the weight of the evidence. We disagree. Here: (1) Wright had the burden of proving that Armijo's negligence caused her personal injuries resulting in damages, which was a necessary element of Wright's claim; (2) Wright's evidence as to her alleged personal injuries and resulting damages required the court to make one or more credibility determinations; (3) the trial court did not find Wright's evidence persuasive; and (4) after reviewing the record, Wright has failed to demonstrate the judgment is erroneous.

**Standard of Review**

In a bench-tried case, the judgment will be affirmed "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." ***Murphy v. Carron***, 536 S.W.2d 30, 32 (Mo. banc 1976). "'The judgment is presumptively correct, and [Wright] has the burden to demonstrate that the judgment is erroneous.'" ***Tribus, LLC v. Greater Metro, Inc.***, 589 S.W.3d 679, 691 (Mo. App. E.D. 2019) (quoting ***Flooring Sys., Inc. v. Staat Constr. Co.***, 100 S.W.3d 835, 837 (Mo. App. E.D. 2003)). We defer to the trial court's determination of credibility and view the evidence, including all permissible inferences therefrom, in the light most favorable to

---

[2] While the judgment referenced Armijo's "counter claim", Armijo did not file any responsive pleading in the case and did not file a counterclaim. No counsel ever entered an appearance on Armijo's behalf throughout the pendency of the case, and Armijo appeared *pro se* at the trial.

the judgment under this analysis. ***Schaberg v. Schaberg***, 637 S.W.3d 512, 518 (Mo. App. E.D. 2021) ("The trial court is in a superior position to judge the credibility of witnesses, as well as their character, sincerity, and other intangibles that might not be completely revealed by the record."); ***Gaar v. Gaar's Inc.***, 994 S.W.2d 612, 616 (Mo. App. S.D. 1999) ("In applying the above standard, an appellate court defers to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the judgment."). We disregard all contrary evidence and inferences when evaluating the legal sufficiency of the challenged judgment. ***Gaar***, 994 S.W.2d at 616.

When a party claims that a judgment in favor of the party without the burden of proof is against the weight of the evidence, as here:

> "[t]he party asserting the positive of a proposition bears the burden of proving that proposition." *Dycus v. Cross*, 869 S.W.2d 745, 749[4] (Mo. banc 1994). Thus, a litigant who seeks to collect money bears the burden of establishing his or her case, whether in tort, contract, or something else. *Chandler v. New Moon Homes, Inc.*, 418 S.W.2d 130, 135[4] (Mo. banc 1967). It is equally well established that where a party has the burden of proof on an issue and where the evidence presented thereon is not conclusive, a judgment in favor of the opposing party requires no evidentiary support because the trier of fact may disbelieve the proponent's uncontradicted or uncontroverted evidence. *Bakelite Co. v. Miller*, 372 S.W.2d 867, 871 (Mo.1963). "Generally, the party not having the burden of proof on an issue need not offer any evidence concerning it." *Brown v. Mustion*, 884 S.W.2d 365, 369 (Mo.App.1994).).

***Stiff v. Stiff***, 989 S.W.2d 623, 628 (Mo. App. S.D. 1999).

We must defer to the trial court's credibility determinations, whether explicit or implicit[.] ***Tribus***, 589 S.W.3d at 692. "'The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong.'" ***McKinney v. Smith***, 520 S.W.3d 533, 538 (Mo. App. S.D. 2017) (quoting ***Ivie v. Smith***, 439 S.W.3d 189, 206 (Mo. banc 2014)). This is not one of those rare cases.

6

In addition,

> Rule 73.01(c) applies to court-tried cases and requires:
> - the trial court, if requested by a party," to issue written findings on "controverted fact issues specified by the party," and
> - appellate courts to view fact issues without specific findings "as having been found in accordance with the result reached" by the trial court.

***Black River Elec. Coop. v. People's Cmty. State Bank***, 466 S.W.3d 638, 640 (Mo. App. S.D. 2015); Rule 73.01(c).[3]  Because no findings of fact were requested by Wright or Armijo or made by the trial court, we presume all factual issues with regard to Wright's personal injury claim in Armijo's favor.  *See **Black River***, 466 S.W.3d at 640.  "A party who fails to request findings of fact 'forfeits that advantage on appellate review, because the trial court's findings are considered as having been found in accordance with the judgment.'"  ***Hurricane Deck Holding Co. v. Spanburg Inves., LLC***, 548 S.W.3d 390, 394 (Mo. App. S.D. 2018) (quoting ***Pearson v. Koster***, 367 S.W.3d 36, 44 n.3 (Mo. banc 2012)).

## Analysis

In her first point, Wright claims the trial court erred "in not awarding [Wright] any recovery for her personal injury claim because the judgment is inconsistent, in that the court found that [Wright] prevailed on her claims."  Wright claims in Point II that the trial court erred "in failing to award [Wright] any amount for her personal injury claim because such a finding is against the weight of the evidence, in that [Armijo] did not present any evidence contradicting [Wright's] testimony and the trial court found [Wright] credible as to liability and her property damage claim."  We address the points together because they share the same premise and are controlled by the same analysis – Wright's failure to prove that she sustained personal injuries and related damages at trial.

---

[3] All rule references are to Missouri Court Rules (2022).

"[T]he essential factual elements of a claim for personal injury due to negligence are – negligence (the failure of defendant to perform a duty to protect plaintiff from harm), causation, and injury." *Schaefer v. Accardi*, 315 S.W.2d 230, 233 (Mo. 1958). Wright was required to establish by a preponderance of the evidence she sustained personal injuries, the nature and extent of the injuries, and damages.

Wright contends the judgment was against the weight of the evidence because "[Wright] presented uncontroverted evidence regarding the injuries she sustained as a result of the accident and her subsequent pain and suffering" and "the [t]rial [c]ourt found [Wright] credible and decided the only contested issue – liability – in favor of [Wright], as well as awarded [Wright] the amount she requested for her property damage claim." We reject Wright's contention because she bore the burden of proof on her negligence claim – including the ultimate fact that she sustained personal injuries. Wright had the burden to produce evidence and to persuade the court to view the facts in her favor. *See* **Warren v. Dunlap**, 532 S.W.3d 725, 729 (Mo. App. S.D. 2017). Here, the trial court was presumptively not persuaded by Wright's evidence of her personal injuries or related damages.

> Credible, believable, even uncontradicted proof of *evidentiary* facts may not prove a contested issue of *ultimate* fact to the fact-finder's satisfaction. A party with the burden of proof cannot merely offer a submissible case; it must convince the fact-finder to view the facts favorably to that party. This is because evidence never proves any element until the fact-finder says it does.

*Black River*, 466 S.W.3d at 640 (emphasis in original) (internal quotations, citations, and brackets omitted).

Wright's point seemingly argues that Armijo must have provided evidence to rebut her evidence related to her claim for personal injuries and damages, and, because he did not, the trial court must have found in her favor. She misunderstands Missouri law. As previously noted,

8

"[w]hen the burden of proof is placed on a party for a claim that is denied, the trier of fact has the right to believe or disbelieve that party's uncontradicted or uncontroverted evidence." *White v. Dir. of Revenue*, 321 S.W.3d 298, 305 (Mo. banc 2010). "If the trier of fact does not believe the evidence of the party bearing the burden, it properly can find for the other party." *Id.*

Wright's proof of her personal injuries and related damages consisted of her own testimony, which the trial court was not required to believe. Armijo contested liability in the case and did not admit that Wright sustained personal injuries or property damage as a result of the accident. Although Wright's testimony as to her personal injuries was uncontradicted, this did not entitle Wright to have it accepted as true. *Thomson v. Butler*, 147 S.W.2d 437, 439 (Mo. 1940).

In contrast, we presume that the trial court believed Wright's testimony as the owner of the vehicle as to the nature of the property damages and the vehicle's value pre- and post-accident. But because the trial court may believe all, part, or none of the testimony given by a witness, *Schaberg*, 637 S.W.3d at 518, it did not have to believe Wright's testimony regarding her alleged personal injuries and damages related thereto. We must presume that the trial court implicitly decided not to credit Wright's testimony regarding her personal injuries and related damages since the judgment is silent as to any damages for personal injuries. The judgment reflects the trial court's determination on Wright's negligence claim where it found in Wright's favor on "the issues alleged in Plaintiff's [Amended] Petition" but only awarded property damages. Given the absence of explicit findings, "we presume implicit trial court findings that support the result reached." *Mitchell*, 348 S.W.3d at 818; *see also Schaberg*, 637 S.W.3d at 518 (quoting Rule 73.01(c), "If the trial court did not make a finding on a specific issue of fact, we will consider it 'as having been found in accordance with the result reached.'").

9

Wright also argues that her testimony about her personal injuries was proper under the sudden onset doctrine. The sudden onset doctrine provides that expert testimony is not required to prove causation for certain medical injuries. *Brown for Estate of Kruse v. Seven Trails Investors, LLC*, 456 S.W.3d 864, 870 (Mo. App. E.D. 2014); *Tucker v. Wibbenmeyer*, 901 S.W.2d 350, 351 (Mo. App. E.D. 1995). A lay witness may establish causation through her own testimony when the obvious symptoms of the injury manifest immediately or shortly after a trauma and when the injury is of the type normally sustained from the trauma at issue. *Brown*, 456 S.W.3d at 870. The injury and surrounding trauma must also be within a layperson's realm of understanding. *Williams v. Jacobs*, 972 S.W.2d 334, 340 (Mo. App. W.D. 1998). This doctrine is most often a factor in cases with broken bones or open wounds shortly after an accident. *Brown*, 456 S.W.3d at 870.

The sudden onset doctrine is not, however, a guarantee that the lay witness' testimony will be believed. The sudden onset doctrine provides an admissibility pathway for lay witnesses to comment on medical injuries. *See, e.g., Williams*, 972 S.W.2d at 342 (holding that the sudden onset doctrine did not apply and so the trial court did not abuse its discretion by denying a lay witness the opportunity to testify about past medical treatment). Even if we assume that Wright's thumb injury is admissible under the doctrine, the trial court was still free to evaluate the veracity of her statements. *Schaberg*, 637 S.W.3d at 518; *Gaar*, 994 S.W.2d at 616.

Therefore, Wright's against-the-weight-of-the-evidence challenge fails because it rests solely upon her own testimony that we must assume the trial court did not credit. *See Hurricane Deck*, 548 S.W.3d at 395; *Black River*, 466 S.W.3d at 640. Point II is denied.

And, because Wright sufficiently proved her claim for property damage but failed in her proof of her personal injuries to the trial court, the trial court's judgment awarding property

10

damages but not damages for personal injuries is not inconsistent. *See Skadal v. Brown*, 351

S.W.2d 684, 688-89 (Mo. 1961) (holding a verdict was internally consistent when the fact-finder

found for plaintiff on a claim for personal injuries but for the defendant on the plaintiff's claim

for property damage arising out of the same accident where plaintiff failed to prove an essential

element – that he sustained pecuniary losses).  A finding for a plaintiff in a negligence action

must award damages since there is no actionable negligence in the absence of an injury.

*Pietrowski v. Mykins*, 498 S.W.2d 572, 579 (Mo. App. St.L.D. 1973).  However, this does not

mean that *all* damages claimed must be awarded.  Here, the trial court awarded property

damages, and not damages for personal injuries, presumably because Wright failed to prove

damages for personal injuries as discussed previously herein.  Point I is denied.

Judgment affirmed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

11